# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Levi Gene Bisser, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 129 C.D. 2025 |
| | : | SUBMITTED: April 13, 2026 |
| Pennsylvania Parole Board, | : | |
| Respondent | : | |

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
HONORABLE MATTHEW S. WOLF, Judge
HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                                    **FILED:  July 22, 2026**

Petitioner Levi Gene Bisser, Parolee, has petitioned for review of the Board's decision revoking his parole as a convicted parole violator (CPV).[1]  Before the Court is the application of Kent D. Watkins, Esq., to withdraw as counsel on behalf of Parolee.  For the reasons set forth, we grant Counsel's application and affirm the Board.

The essential facts of the matter are as follows.  In 2009, Parolee was sentenced for convictions of burglary and other offenses, with an initial maximum sentence date of April 4, 2024.  Since then, he has been paroled and recommitted as a CPV or technical parole violator (TPV) on multiple occasions with associated

---

[1] When Parolee initiated this matter, he was incarcerated after recommitment by Respondent, Pennsylvania Parole Board, as a CPV.  According to the inmate locator website maintained by the Pennsylvania Department of Corrections, Parolee was released on December 24, 2025.  *See* Inmate/Department Supervised Individual Locator, https://inmatelocator.cor.pa.gov (last visited July 21, 2026).

recalculations of his maximum sentence date. Relevant to the instant petition, Parolee was reparoled on December 6, 2022, at which time his maximum sentence date was September 12, 2025, leaving 1,011 days remaining on his sentence. Order to Release on Parole/Reparole, Certified Record "C.R." at 47-48, 127.

On January 13, 2023, the Pennsylvania Department of Corrections issued a warrant to commit and detain Parolee as a result of a criminal charge that was ultimately dismissed. Parolee was detained until February 7, 2023, a total of 25 days, when the warrant was cancelled.

In March 2024, Parolee pled guilty for driving under a suspended license, driving under the influence (DUI) related, after which the Board declared Parolee delinquent, effective April 25, 2024. On July 3, 2024, the Board issued a warrant to commit and detain Parolee. On July 23, 2024, the Board issued an order recommitting Parolee as a TPV, with an effective return to custody date of July 3, 2024. Parolee waived his right to a revocation hearing and, by order dated August 28, 2024, the Board recommitted Parolee as a CPV to serve 15 months of backtime. Notice of Board Decision, August 8, 2024, C.R. at 129. At that time, Parolee's new maximum sentence date was March 16, 2027 with 986 days of backtime owed.

Parolee, then *pro se*, filed a petition for administrative review.[2] Counsel subsequently entered his appearance on Parolee's behalf. The Board affirmed its decision and the instant petition for review ensued. Thereafter, Counsel filed his

---

[2] Although it is difficult to discern Parolee's requests from the handwritten notation on the administrative remedies form, it appears that he requested credit for time spent in a halfway house and for the two-month period he was incarcerated in Bedford County for the driving under suspended license conviction. Administrative Remedies Form, C.R. at 131. Parolee also asked for reconsideration of the 15-month backtime "hit" for participating in a state drug court program. *Id.* Parolee does not raise these issues in his petition for review.

application to withdraw as counsel and a "no-merit" letter (also known as a "Turner letter").[3]

A no-merit letter must detail the nature and extent of counsel's review, list each issue raised by the parolee, and explain why counsel concluded that the parolee's claim is meritless. *Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. 2009). In addition, counsel who seeks to withdraw representation must notify the parolee of the request to withdraw, furnish the parolee with a copy of a brief or no-merit letter, and advise the parolee of his right to retain new counsel or raise any new points that the parolee might deem worthy of consideration. *Com. v. Turner*, 544 A.2d 927, 928 (Pa. 1988). If counsel has complied with these procedural requirements for withdrawal, the Court will independently review the merits of a parolee's claims.

Counsel states in the no-merit letter that he has reviewed the record and concludes that the petition for review has no merit. He sets forth an extensive summary of the record in this matter, lists each of the issues raised in the petition for review, and explains why he believes they lack merit. Counsel's explanation is based upon citation to the certified record and applicable case law, statutes, and regulations. Counsel specifically addresses Parolee's argument that the Board failed to give him credit for time served and that his sentence exceeded the presumptive range for a CPV. Counsel indicates that he is notifying Parolee of his request to withdraw; is providing Parolee a copy of the application to withdraw and no-merit letter; and advises Parolee of his right to retain substitute counsel and to raise any points which he may deem worthy of merit in a *pro se* brief. As we are satisfied that

---

[3] *See Com. v. Turner*, 544 A.2d 927 (Pa. 1988). Counsel files such a letter when seeking to withdraw from representing a parole violator because the violator's case lacks merit, although it may not be "so anemic as to be deemed wholly frivolous." *Anderson v. Pa. Bd. of Prob. & Parole*, 237 A.3d 1203, 1204 n.2 (Pa. Cmwlth. 2020) [quoting *Com. v. Wrecks*, 931 A.2d 717, 722 (Pa. Super. 2007)] (internal quotation marks omitted).

Counsel has complied with the technical requirements to withdraw from representation, we conduct an independent review to determine whether Parolee's petition for review lacks merit.

The issues set forth in the petition for review are as follows: first, that the Board failed to give Parolee credit for all time served exclusively pursuant to the Board's warrant or while incarcerated, and second, that the Board recommitted Parolee beyond the presumptive range for CPVs as set forth by regulation.

As to the issue of time served, Parolee was detained on the Department's warrant from January 13, 2023 until February 7, 2023. The Board's August 28, 2024 recommitment order indicates that Parolee was reparoled on December 6, 2022, with 1,011 days remaining to Parolee's sentence and a maximum sentence date of September 12, 2025. The Board's order credits Parolee with the confinement period of 25 days, reducing the days remaining in his sentence to 986.[4] *See* Order to Recommit, August 28, 2024 at 1, C.R. at 127. Adding 986 days to Parolee's custody return date of February 3, 2024, results in a correctly recomputed maximum sentence date of March 16, 2027.

With regard to whether the Board recommitted Parolee beyond the presumptive range set forth in Board regulations, driving under suspension, DUI related has an offense gravity score (OGS) of 9. *See* 204 Pa.Code § 303a.9. Under

---

[4] When computing the time yet to be served on the original sentence, the CPV's street time is added to the original maximum expiration date to create a new maximum date. *Boyd-Chisholm v. Pa. Bd. of Prob. and Parole*, 240 A.3d 1005, 1011 (Pa. Cmwlth. 2020). "[I]f a defendant is being held in custody solely because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence." *Gaito v. Pa. Bd. of Prob. and Parole*, 412 A.2d 568, 571 (Pa. 1980). "It is clear, of course, that if a parolee is not convicted, or if no new sentence is imposed for that conviction on the new charge, the pre-trial custody time must be applied to the parolee's original sentence." *Id.* at 571 n.6.

4

Section 311.6 of the Board's regulations, an OGS of 9 corresponds to a non-violent commitment range of 12 to 18 months. 204 Pa. Code § 311.6(b). Parolee's 15-month recommitment falls in the middle of the regulations' recommitment range. Our Supreme Court has held that, when the recommitment period falls within the presumptive range, the courts will not review the Board's imposition of a recommitment period. *See Smith v. Pa Bd. of Prob. & Parole*, 574 A.2d 558, 558 (Pa. 1990) (stating that "[a]s long as the period of recommitment is within the presumptive range for the violation, the Commonwealth Court will not entertain challenges to the propriety of the term of recommitment," citing cases). We therefore find that this claim, too, lacks merit.

In light of the foregoing, we agree with Counsel that Parolee's claims are without merit. Accordingly, we grant Counsel's application and affirm the Board's decision.

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Levi Gene Bisser,                                  :
                    Petitioner              :
                                    :
           v.                                         :     No. 129 C.D. 2025
                                    :
Pennsylvania Parole Board,               :
                    Respondent           :

# **O R D E R**

AND NOW, this 22nd day of July, 2026, the Application to Withdraw as Counsel, filed by Kent D. Watkins, Esquire in the above-captioned matter, is hereby GRANTED, and the order of the Pennsylvania Parole Board is AFFIRMED.

 

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita